FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:17-CV-00174-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS <br><br> **MOTION GRANTED in part** <br> **(ECF No. 14)** <br><br> **MOTION DENIED** <br> **(ECF No. 15)** |

Before the Court are cross-motions for summary judgment. ECF Nos. 14, 15. Plaintiff, Crystal F., is represented by counsel Dana Chris Madsen. Defendant, the Commissioner of Social Security, is represented by counsel David J. Burdett. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs submitted by both parties, the Court GRANTS in part Plaintiff's Motion for Summary Judgment, ECF No. 14, DENIES Defendant's Motion for Summary Judgment, ECF No. 15, and REMANDS for further proceedings consistent with this opinion.

ORDER - 1

## JURISDICTION

Plaintiff protectively filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on May 13, 2013, alleging disability beginning December 23, 2012. Tr. 210-211, 212-217. The applications were denied, both initially, and upon reconsideration. Tr. 159-162, 165-169. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on January 21, 2016, and heard testimony from Plaintiff, vocational expert, Daniel R. McKinney, Sr., and medical expert, Nancy Winfrey, Ph.D. Tr. 64-99. The ALJ issued an unfavorable decision on February 10, 2016. Tr. 37-57. The Appeals Council denied Plaintiff's request for review of this decision on April 7, 2017. Tr. 1-7. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 23, 2017. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 27 years old at the alleged onset date. Tr. 210, 212. Plaintiff graduated from Medical Lake High School in 2004, attending special education classes since she was in kindergarten. Tr. 240, 81. Plaintiff's reported work history includes her employment as a courtesy clerk and a grocery bagger. Tr. 227. Plaintiff testified she also worked as a garment sorter. Tr. 94-98. Plaintiff stated she stopped working on December 23, 2012 due to her conditions. Tr. 240.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1091.

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bown*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a); 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F. R. §§ 404.1520(a)(4); 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Baston v. Comm'r*

*of Soc. Sec. Admin*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 10, 2016, the ALJ issued a decision finding Plaintiff was not disabled under the Social Security Act. Tr. 37-57.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 23, 2012. Tr. 42.

At step two, the ALJ determined Plaintiff had the following severe impairments: learning disorders; attention deficit hyperactive disorder (ADHD); depression; anxiety; and alcohol dependence. Tr. 43.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 49-50.

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) as follows:

> The . . . capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She is able to understand, remember, and carry out simple, routine, and repetitive tasks. She is able to maintain attention and concentration on simple, routine, and repetitive tasks for two-hour intervals between regularly scheduled breaks. There should be no judgment or decision making and no production rate of pace (defined as fast paced assembly line type work). She is capable of only brief and superficial (defined as non-collaborative) interaction with the public, coworkers, and supervisors. She cannot work around crowds (defined as more than 3-4 people in the surrounding area) or where reading and writing is an essential function of the job. She would need additional time to adjust to changes in the work routine.

Tr. 50.

The ALJ then identified Plaintiff's past relevant work as a garment sorter. Tr. 55. The ALJ found that Plaintiff could perform this past relevant work as

actually and generally performed. Tr. 55.

In an alternative step five determination, the ALJ went on to find there were other jobs in the national economy that exist in significant numbers that Plaintiff could also perform. The ALJ considered Plaintiff's RFC and the testimony of the vocational expert and found Plaintiff had the capacity to work as a housekeeping cleaner or an inspector and hand packager. Tr. 55-56.

The ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act at any time from the alleged onset date, December 23, 2012, through the date of the ALJ's decision. Tr. 56.

# ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits, and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by: (1) improperly discrediting Plaintiff's symptom claims; and (2) improperly considering and weighing the opinion evidence. Additionally, Plaintiff contends that such errors are not harmless and that a remand for an immediate award of benefits is the proper remedy.

# DISCUSSION[1]

## A. Plaintiff's Symptom Statements

An ALJ must engage in a two-step analysis when making a credibility

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

assessment of a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Id.* Second, absent a finding of malingering, the ALJ must provide specific, clear, and convincing reasons for finding claimant's symptoms are not as severe as alleged. *Id.* The clear and convincing standard is the most demanding in Social Security cases. *Id.*

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms as alleged. Tr. 51. However, the ALJ found Plaintiff's allegations as to the disabling effects of these symptoms to be not fully credible. Tr. 51. The ALJ gave three reasons in support of this finding: (1) Plaintiff's demeanor was inconsistent with her allegations; (2) Plaintiff's activities of daily living were inconsistent with her allegations; and (3) Plaintiff made multiple inconsistent statements.

The ALJ's first reason, that Plaintiff's presentment at the hearing was inconsistent with her alleged degree of limitation, is not specific, clear and convincing. The ALJ found Plaintiff to be "articulate, composed, and [that she] presents well," Tr. 51, and that this was inconsistent with her allegations of intellectual disability.

Plaintiff argues the ALJ engaged in the "sit and squirm" test, which has been rejected by the Ninth Circuit. ECF No. 14 at 7, (citing *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985), citing *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (admonishing an ALJ, who is not a medical expert, for substituting his own judgment of Plaintiff's condition based on his presentment at the hearing for that of the medical and vocational experts)). Plaintiff argues that her mental impairments are well documented by her treating and examining doctors and are consistent with her testimony. ECF No. 14 at 7. She asserts that the fact she did not appear as limited as the ALJ would have expected to see at the

hearing is not an acceptable basis for discrediting her testimony. *Freeman*, 681 F.2d at 731. Defendant failed to raise a challenge to Plaintiff's argument. *See* ECF No. 15 at 3-5.

The ALJ is not a medical expert and cannot accurately judge a claimant's limitations by her observations of the claimant at the hearing alone. *Perminter*, 765 F.2d at 872. Further, the record is replete with the longitudinal records of Plaintiff's mental limitations; records which are more authoritative than the ALJ's impression of Plaintiff's comportment after a single interaction. *See* Tr. 317, 322, 324, 335-37, 343, 345, 383, 389, 395, 410, 443, 450, 454, 457, 484, 511, 529, 537.

The ALJ's second reason for discrediting Plaintiff, that her reported activities of daily living belie her complaints of limitation, is not supported by substantial evidence. Tr. 51, 52.

To support her findings, the ALJ relies on a medical report created six years before the alleged onset date, Tr. 323-333, Tr. 53, a Rockwood Clinic record of an annual visit conducted nearly two years prior to the alleged onset date, Tr. 375, and treatment records for counseling sessions that took place on September 11, 2012 and October 8, 2012, two and three months before the onset date. Tr. 380-388. The ALJ juxtaposed Plaintiff's reported daily activities from these records with her symptom statements made after the onset date as if they were made contemporaneously, creating the impression of inconsistency. The Ninth Circuit has held that medical reports which predate the alleged date of onset are of limited relevance. *Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008). For the same reasons, Plaintiff's reports of daily activities in these predated reports are of limited relevance because they do not describe her daily activities as they stood at, or after, the date of onset. Tr. 323-33, 345-79.

The ALJ's third reason for discrediting Plaintiff's symptom statements, that she made inconsistent statements about her alcohol use and her use of public transportation, is not supported by substantial evidence.

### 1. Alcohol Use

Plaintiff's statements when placed in chronological order are not inconsistent.

In September of 2012, Plaintiff reported to her counselor that lately she had been drinking 4-5 shots of brandy once a day, and prior to that she was drinking once a week "to relax." Tr. 386. In late January of 2013, Plaintiff reported she had not been drinking since December of 2012, *i.e.* she had been sober for the last month. Tr. 353. Then, in early March of 2013, Plaintiff reported to two separate physicians that she had not been drinking for two months. Tr. 333, 345. This relates back to December 2012, the date Plaintiff reported she had quit drinking. Tr. 353. In December of 2013, Dr. Gwinn reported a "recent relapse" in Plaintiff's alcohol use, but is otherwise nonspecific as to details. Tr. 443. Next, in mid-January of 2014, Plaintiff reported she has been sober for the month of January 2014, but that in November and December of 2013 she had been drinking up to a pint of brandy a day. Tr. 448. This is consistent with Dr. Gwinn's report of a relapse occurring in late 2013. Finally, at the hearing, occurring four years later, Plaintiff reported having been sober since "maybe 2012, 2013." Tr. 82.

In sum, the record supports the conclusion that Plaintiff quit drinking at the end of 2012, was successfully sober until her relapse in late 2013, and then maintained sobriety following that relapse through the date of the hearing. The ALJ's characterization of these reports as inconsistent is not supported by the record.

### 2. Public Transportation

The ALJ found Plaintiff's statements regarding her use of public transportation to be inconsistent, citing a March 7, 2013 evaluation with Dr. Mabee, wherein Plaintiff reported that she "relies on the bus or others for transportation." Tr. 335. The ALJ compares this to a Rockwood report dated January 20, 2014, Tr. 446, wherein Plaintiff came with her mother for completion

of paratransit forms saying she has never ridden the bus and believed she would get lost if she tried due to difficulty with mentation, getting easily confused, and difficulty managing transit. Tr. 52. When asked at the hearing, Plaintiff stated "I can take the bus okay, but" and appears to be cut off by the ALJ before completion of her thought. Tr. 87. The ALJ then asked if that was the primary way she got around, to which she said, "Yeah, and--" before she was cut off again. Tr. 87. Other than the bus, Plaintiff reported that her parents drive her around. Tr. 87.

Plaintiff's statement that she "can take the bus okay," is not inconsistent with taking paratransit. Without further information, neither the ALJ, nor the Court can conjecture as to what taking the bus "okay" means in terms of Plaintiff's capacity to understand routes, take directions, and schedule her trips. In the absence of more information, this reason is not supported by substantial evidence.

In sum, the three reasons provided by the ALJ fail to meet the legal standard or are not supported by substantial evidence as necessary to reject Plaintiff's symptom statements. Where an ALJ improperly rejects the claimant's testimony regarding her limitations, and the claimant would be disabled if her testimony was credited, the Court will not remand solely to allow the ALJ to make specific findings regarding that testimony. *Varney v. Sec. of Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988).

**B.   Opinion Evidence**

Plaintiff argues that the ALJ erred in her treatment of the medical opinions in the record.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a

treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id*.

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons." *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his own interpretations and explain why they, rather than the doctors' opinions, are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831. However, in some cases, an ALJ's rejection of an examining physician's opinion in favor of a nonexamining, nontreating physician's opinion will be upheld if the ALJ gives specific, legitimate reasons supported by substantial record evidence. *Id*., *see also Magallanes*, 881 F.2d at 751-55 (ALJ's

decision to reject opinion of treating physician supported where there was an abundance of evidence to support the ALJ's decision, there were contrary reports from examining physicians, and the claimant's testimony also conflicted with the treating physician's opinion).

   1. Douglas Gwinn, M.D.

The ALJ gave little weight to the opinion of Plaintiff's treating physician, Douglas Gwinn, M.D., expressed in his December 2014 Mental Residual Functional Capacity Assessment. Tr. 483-86. The ALJ gave two reasons for rejecting this opinion: (1) that his diagnoses were not supported by the evidence; and (2) that he made internally inconsistent statements in his reports.

Dr. Gwinn's opinion was contradicted at the hearing by medical expert, Nancy Winfrey, Ph.D. Therefore, the ALJ was only required to provide specific and legitimate reasons for rejecting his opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ's first reason, that Dr. Gwinn's diagnoses are inconsistent with the evidence, is not specific and legitimate. The ALJ found that "Dr. Gwinn assessed multiple diagnoses that are completely unsupported by DSM criteria, including borderline personality disorder and bipolar." Tr. 54. In support of this conclusion, the ALJ points to Dr. Winfrey's testimony and appears to adopt Dr. Winfrey's reasons as her own. Without more, this does not meet the specific and legitimate standard. Dr. Winfrey's reasons comprise her opinion, they do not stand apart as individual reasons for the ALJ to also reject Dr. Gwinn's opinion without pointing to other facts or evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (the specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (the ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct.").

The ALJ's second reason, that Dr. Gwinn's opinion is internally inconsistent, does not meet the specific and legitimate standard. The ALJ points to Dr. Gwinn's diagnosis of developmental delay which he characterized as "mild" in January of 2014, Tr. 444, as being inconsistent with his other records. However, the ALJ fails to point to any of Dr. Gwinn's records to support her finding. An ALJ's bare conclusion, without specific facts or evidence, does not meet the specific and legitimate standard. *See Magallanes*, 881 F.2d at 751; *Embrey*, 849 F.2d at 421-22.

The ALJ's two reasons for rejection of Dr. Gwinn's opinion do not meet the specific and legitimate standard. An ALJ's failure to properly address the opinion of a treating physician is clear error, requiring remand. *Garrison*, 759 F.3d at 1019.

### 2. Other Providers

Plaintiff also alleges that the ALJ erred in her treatment of the opinions of Scott Mabee, Ph.D., Craig Lammers, Ph.D., Brian Campbell, Ph.D., John F. McRae, Ph.D., and Jennifer VanWey, Psy.D. As this case is being remanded to readdress Plaintiff's testimony and the opinion of Dr. Gwinn, the ALJ is directed to readdress all the medical evidence in the record.

### 3. Dr. Winfrey

The Court notes that Dr. Winfrey testified at the hearing that Plaintiff met the Listings. Tr. 75-76 (after finding the Paragraph A criteria were met, Dr. Winfrey testified that Plaintiff meets the Paragraph C criteria under 12.04 and 12.06; "I think she equals the Listing"). Neither party raised this issue in their briefing and the Court is constrained against raising it *sua sponte*. *See Carmickle*, 533 F.3d at 1161 n.2 (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief). However, the Court directs the ALJ to reconsider Dr. Winfrey's testimony on remand, specifically regarding whether or not Plaintiff meets a listing at step three.

# REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Therefore, on remand, the ALJ shall make a new credibility determination, shall readdress the medical opinion evidence, and shall readdress Dr. Winfrey's testimony.

# CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED in part,** and the matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3. Application for attorney fees may be filed by separate motion.

1 | The District Court Executive is directed to file this Order and provide a copy
2 | to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff**
3 | and the file shall be **CLOSED**.

DATED September 25, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 14